## JOHN K. FERGUSON vs. WILLIAM L. FOSTER.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court.

On the petition filed in this case, a writ of attachment was taken out and levied on a steam boat. The boat, by agreement between the parties, was to run during the pendency of suit, and the profits to be applied to the extinguishment of the debt. After two trips had been made, the plaintiff filed a supplemental petition, stating that instead of any profit having accrued from this agreement, the boat had lost on each voyage; and a further sum of $185 69

Plaintiff can not arrest the person of his debtor, and attach his property unless both remedies are necessary to insure the execution of the judgment. A rule to shew cause why an order of arrest should not be set aside does not put the truth of the allegations contained in the affidavit at issue.

FERGUSON
*vs.*
FOSTER.

is demanded.    The plaintiff also averred that the steam boat was incumbered by a heavy mortgage, and that he feared he would be deprived of the benefit of his attachment.    He prayed that the defendant might be held to bail.

An order of court was given; the person of the defendant taken: and the question presented to our consideration is, whether under the circumstances just stated the plaintiff has a right to use both these remedies.  On the hearing of a rule taken by the defendant to have the order of bail set aside, the court below sustained the objection to the correctness and legality of the steps taken by the plaintiff, and made the rule absolute.    From that decision the present appeal was taken.

The rules of practice furnished by the legislature give us no positive provision on this subject.    The 208th article of the code of practice in speaking of the conservatory acts which the plaintiff may resort to, in order to give effect to the suit he is about to institute, states hat they may be used *either* against the person or the property.    The defendant has urged, from this enactment being in the disjunc-

tive, that it was not the intention of the legisla-

ture that both should be exercised in the same action. But it appears to us that this provision was rather intended to mark out the extent of the remedy, by giving it against person and property, than to provide for the manner in which it should be used, and that little aid can be derived from it in deciding the point before us.

The question then is to be decided on general principles, and the best rule we can adopt, is that which will carry into effect the object for which the right was conferred.

It was given for the purpose of enabling the plaintiff to ensure the execution of the judgment he hoped to obtain, and whenever that can be secured by a resort to one of the remedies, the plaintiff should not be permitted to avail himself of both; because the making use of arrest and attachment would in such a case be oppressive to the defendant, without being useful to the plaintiff.

Laws which deprive men of the use of their property and their personal liberty, on the mere allegations of their adversary, supported alone by his oath, should be strictly construed, and

he who claims the benefit of them should clearly establish his right to so severe a remedy. This rule increases in force, when he has already resorted to one means of giving effect to the future decree of the court; because the presumption of the necessity for further conservatory acts, is weakened by the security already obtained.

In the instance before us, the attachment was levied on a steam boat; if she afforded sufficient means of ensuring the execution of the judgment, the plaintiff had no right to arrest the person of the debtor. That she was of sufficient value to do so has not been denied, and the oath of the plaintiff to hold the defendant to bail, alleging solely as the ground for it, that she was encumbered with a mortgage, furnishes strong presumption that without this incumbrance she would have been sufficient.

The case then is narrowed down to an enquiry whether legal and adequate proof of the failure of the first remedy was offered. In ordinary cases it is enough for obtaining a writ of attachment, or an order for arresting the person of the debtor, that the plaintiff makes oath of the facts, and the defendant if he wish-

es to have the order set aside *must disprove*

*them.   Code of Practice*, 218.

But whether in a case such as this, where
the plaintiff demands a double remedy, and is
entitled to it only on special grounds, the de-
fendant might not have put him on the proof
of those facts which would authorise the issuing
the order for arrest, after an attachment has
been granted, may be well doubted.    The
pleadings in the inferior court however do not
permit us to examine it.    The affidavit of the
plaintiff was sufficient in the first instance, and
the rule taken did not put the verity of the
allegations contained in it at issue.    A call on
the plaintiff to shew cause why the order grant-
ed should not be set aside, put the legality of
the steps taken by the plaintiff on his own shew-
ing alone at issue, and afforded him no notice
to come prepared with proof to support them.

Assuming it therefore as a fact, that the pro-
perty on which the attachment was levied, be-
ing incumbered with a mortgage, did not afford
security for carrying into effect the judg-
ment which the plaintiff expected to obtain,
we think the court below erred in setting
aside the order to arrest the person of the
debtor.

Eastern Dist
*March*, 1829.

FERGUSON
*vs.*
FOSTER.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that the case be remanded, to be proceeded in according to law, the appellee paying the costs of this appeal.

*Hawes* for plaintiff—*Christy* for defendant.